UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDREW SALES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV40 SNLJ |
| | ) | |
| CITY OF SIKESTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of Sikeston, Drew Juden, Mark Croaker, Zachariah Albright, Frankie Adams, Matt Jones, Bobby Sullivan, and John Doe. The individual defendants are alleged to be city officials or police officers. Plaintiff seeks monetary relief.

Plaintiff alleges that he was hired as a process server to serve Marcus Tyrone Robinson, a defendant in a wrongful death suit. Plaintiff claims that defendant Sullivan, a police officer, told him not to serve Robinson, and plaintiff says Sullivan interfered because Robinson was Sullivan's drug informant. Plaintiff asserts that Sullivan had a conflict of interest because Robinson was accused of being the killer in the wrongful death case by the plaintiffs in that case and Sullivan was also an investigating police officer on the death case.

Plaintiff asserts that in March 2011 defendant Jones stopped him for riding his bicycle at night with no lights. Plaintiff does not deny that he was riding without lights. Plaintiff claims that Jones "disrespectfully" told him that he could be locked up for riding without lights. Plaintiff says Jones ultimately gave him a citation for which he did not have to go to court.

Plaintiff reported the incident involving Jones to defendant Juden, the City Manager. Plaintiff believed the incident had to do with an overall conspiracy involving police interference with the wrongful death case. Plaintiff demanded surveillance video of the bicycle incident and city policy on conflict of interest. Plaintiff told Juden about his conflict of interest theory.

Plaintiff says that in August 2012 police cars were patrolling near his house. Plaintiff asserts that he called the Sikeston Public Safety Office to find out what was going on. Plaintiff alleges that defendants Albright, Adams, and Jones then pulled up to his house. Plaintiff asked them why they were patrolling by his house, and he says they responded that they were told to do so. Plaintiff claims he filed a complaint about the incident.

Plaintiff says he was arrested on August 16, 2012, for driving without a license, without insurance, and with a broken taillight by defendant Adams. Plaintiff told Adams he was going to sue him and he filed a complaint with the Sikeston Public Safety Office. Plaintiff maintains that the charges were later dismissed.

Plaintiff alleges that on September 5, 2012, he was walking along the street when defendant Jones ordered him to the ground for allegedly fleeing from the police. Plaintiff avers that Jones took his shoes and arrested him for possession of a controlled substance, fleeing arrest, and driving while revoked. Plaintiff claims that these charges were later dismissed as well.

Plaintiff alleges that the police actions taken against him were a conspiracy to deprive him of his rights as a result of his involvement in the wrongful death action. His conspiracy claims are vague and conclusory. He further alleges that the City of Sikeston "instituted custom and policies that created a climate in which plaintiff [sic] constitutional rights were violated." These policy allegations are wholly conclusory as well.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any specific factual allegations, which if proved, would show that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Plaintiff's policy allegations are wholly conclusory. As a result, the complaint fails to state a claim upon which relief can be granted.

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can be said to state a claim upon which relief can be granted. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff has not made more than summary allegations of a conspiracy. As a result, the complaint does not state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 10th day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE